UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
Raleigh Division
No.: 5:09-CV-377

| | |
|---|---|
| DARRY W. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **C O M P L A I N T** |
| WEINSTEIN & RILEY, P.S.; ) | |
| DODEKA, LLC; and ) | |
| ELIZABETH H. PARROTT, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## INTRODUCTION

1. Plaintiff in this matter is an individual who seeks redress against defendants for violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA" or "the Act" set forth at 15 U.S.C. § 1692 *et seq.*) and North Carolina's Prohibited Acts by Debt Collector (Article Two, Chapter 75 of the North Carolina General Statutes) to recover his actual damages and to recover statutory damages as well as his attorney's fees incurred in this matter.

## JURISDICTION

2. That jurisdiction of this Court arises under 28 U.S.C. § 1331 in that the above-captioned action arises under the laws of the United States being the Fair Debt Collections Practices Act as set forth under 15 U.S.C. § 1692 *et seq.* and this Court may exercise ancillary jurisdiction over the state law claims.

## PARTIES

3. That plaintiff is an individual who is a citizen and resident of Wake County, North Carolina, and resides in the Eastern District of North Carolina.

4. That defendant Weinstein & Riley, P.S. is a foreign, professional services entity duly organized and existing under the laws of the State of Washington and is duly authorized to transact business in the State of North Carolina and may be served with process directed to its registered agent CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, NC 27601.

5. That defendant Dodeka, LLC is a limited liability company that is duly organized and existing under the laws of the State of Delaware and maintains its principal place of business in Seattle, Washington, and is duly authorized to transact business in the State of North Carolina and may be served with process directed to its registered agent CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, NC 27601.

6. That defendant Elizabeth H. Parrott is, upon information and belief, an individual who is a citizen and resident of Davidson County, Tennessee, and is a duly licensed attorney admitted to the practice of law in the State of North Carolina and is a Vice-President and Director of Weinstein & Riley, P.S. as set forth in documents on file with the North Carolina Secretary of State.

FACTUAL ALLEGATIONS

7. That on or about June 10, 2008, upon information and belief, defendant Weinstein & Riley, P.S. (hereinafter "W&R") mailed a letter on behalf of defendant Dodeka, L.L.C. (hereinafter "Dodeka") to plaintiff.

8. That such letter demanded that plaintiff "Darry W. Johnson" pay to Dodeka the sum of $11,163.57 which represented an alleged debt previously owing on a Chase Bank USA, N.A. credit card but was purchased by defendant Dodeka, LLC after such account was in default.

9. That on July 5, 2008, plaintiff wrote to W&R and disputed the validity of the alleged debt and asserted that plaintiff had never had a Chase Bank credit card.

10. That plaintiff further requested verification of the debt including copies of any and all documentation pertaining to this Chase card account.

11. That such letter was mailed to W&R by certified mail, return receipt requested and actually received by W&R on or about July 10, 2008.

12. That plaintiff never received any further information or communication pertaining to the alleged debt allegedly owing by plaintiff to Dodeka from Dodeka, LLC, its attorneys, Weinstein & Riley, P.S. or Elizabeth H. Parrott.

13. That on or about September 30, 2008, defendant Dodeka, LLC caused to be filed a Complaint in the Superior Court for Wake County, North Carolina, bearing case number 08 CvS 17061 (hereinafter "the lawsuit") seeking to recover $11,163.57 allegedly owing to defendant Dodeka.

14. That defendant Dodeka, LLC was represented in such action by defendant Weinstein & Riley, P.S. and defendant Elizabeth H. Parrott as attorneys of record.

15. That shortly after such lawsuit was filed, plaintiff was served with a copy of the lawsuit by a deputy of the Sheriff of Wake County.

16. That upon receipt of such Summons and copy of the complaint for the lawsuit, plaintiff was very upset, angry, and distraught over receiving the lawsuit.

17. That plaintiff sought the services of an attorney to defend such lawsuit who filed a responsive pleading to such action.

18. That defendant Elizabeth H. Parrott, as attorney for defendant Dodeka, LLC, filed a response to plaintiff's Motion to Dismiss to the lawsuit and attached as exhibits to her memorandum of law documentation that conclusively established that plaintiff herein was not the obligor on the account.

19. That upon information and belief, such information was in the files and at the disposal of defendants Weinstein & Riley, P.S., Elizabeth H. Parrott, and Dodeka, LLC at all times prior to the institution of the lawsuit referred to above.

20. That, upon information and belief, upon receipt of the Request for Verification of debt mailed by plaintiff to defendant Weinstein & Riley, P.S. and received by defendant on July 10, 2008, defendants took no action to verify the debt or attempt to correctly identify the true alleged obligor on the account against whom defendants sought to collect.

21. That approximately one month after a court hearing on defendant's Motion to Dismiss, defendant Elizabeth H. Parrott caused to be filed a Notice of Voluntary Dismissal with prejudice with the Clerk of Superior Court for Wake County.

22. That defendant Elizabeth H. Parrott further acknowledged in correspondence to plaintiff's counsel that plaintiff herein was not the obligor on the account sued upon.

23. That as a result of defendants suing plaintiff herein on such debt, plaintiff incurred expenses of $4,900.00 related to retaining an attorney to defend the lawsuit captioned Dodeka, LLC v. Darry W. Johnson bearing case number 08 CvS 17061.

24. That as a result of defendants suing plaintiff herein on such debt, plaintiff incurred expenses related to the litigation in missing work, traveling to meet with his attorney to discuss the matter; and such other expenses as may be proved at trial that are part of plaintiff's actual damages.

25. That as a result of defendants' wrongfully filing the lawsuit alleging that plaintiff herein owed money, such will remain on the computer records of the North Carolina Administrative Office of the Courts that plaintiff was a party to a lawsuit on a claim for money owed.

26. That even though the lawsuit captioned "Dodeka, LLC v. Darry W. Johnson" and bearing case number 08 CvS 17061 was dismissed with prejudice, a review of the case will not indicate that plaintiff herein was wrongfully sued by defendants herein and such permanently injures the reputation of plaintiff.

FIRST CLAIM FOR RELIEF

27. That the allegations as alleged in Paragraphs 1 through 26 are re-alleged and incorporated by reference as if set forth fully herein.

28. That plaintiff is a "consumer" and/or a person affected by a violation of the FDCPA within the meaning of 15 U.S.C. § 1692a(3) and "the Act."

29. That defendant Weinstein & Riley, P.S. is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) in that a principal business is to regularly use instrumentalities of interstate commerce to regularly collect consumer debts on behalf of others.

30. That defendant Dodeka, LLC is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6)(F) in that it routinely utilizes instrumentalities of interstate commerce to collect and attempt to collect debts that it acquired that were in default at the time such debts were acquired as its principal business.

31. That defendant Elizabeth H. Parrott is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) in that a principal portion of her law practice is to regularly use instrumentalities of interstate commerce to collect consumer debts on behalf of others.

32. That defendants W&R and Dodeka, LLC, by failing to provide validation of the alleged debt after being notified in writing that such debt was disputed, violated of 15 U.S.C. § 1692g(b).

33. That defendants, by failing to cease collection activities after being notified by plaintiff herein that the debt was disputed by filing the lawsuit referenced above prior to obtaining validation and/or verification of the debt alleged to be due, violated 15 U.S.C. § 1692g(b).

34. That upon information and belief, defendants, by instituting a lawsuit against plaintiff herein when such was clearly unwarranted based on evidence in its own files that plaintiff was not the obligor and after having been notified that plaintiff disputed the debt and requested verification of such debt, engaged in conduct the natural consequence of is to harass, oppress and/or abuse plaintiff herein by commencing litigation and requiring plaintiff to expend time and money to defend the same in violation of 15 U.S.C. § 1692d.

35. That defendants made false statements by asserting to the Superior Court for Wake County in pleadings filed in the lawsuit that plaintiff herein was liable for a debt allegedly owing to Dodeka, LLC, when such exhibits attached to defendant's filing clearly demonstrated that plaintiff herein was not liable in violation of 15 U.S.C. § 1692e.

36. That as a direct and proximate cause of defendants' violations of the FDCPA, plaintiff is entitled to recover his actual damages; statutory damages in the amount of $1,000.00 and plaintiff's reasonable attorney's fees and costs incurred herein pursuant to 15 U.S.C. § 1692k.

<u>SECOND CLAIM FOR RELIEF</u>

37. That the allegations as alleged in Paragraphs 1 through 36 are re-alleged and incorporated by reference as if set forth fully herein.

38. That defendant Dodeka, LLC is a "debt collector" within the meaning of N.C. Gen. Stat. § 75-50(3).

39. That defendant Dodeka, LLC routinely collects and attempts to collect debts through the courts of the State of North Carolina or through collection demands on and to North Carolina residents thus affecting commerce within the State of North Carolina.

40. That defendant Dodeka, LLC engaged in conduct the natural consequence of which is to oppress, harass and abuse "any person" in attempting to collect a debt that is allegedly owed to it by filing a lawsuit in the Superior Court for Wake County against plaintiff herein when such debt is not owing in violation of N.C. Gen. Stat. § 75-52.

41. That defendant Dodeka, LLC has utilized unconscionable means in attempting to collect a debt by filing a lawsuit against plaintiff herein alleging that a debt is owed after plaintiff clearly disputed and denied owing any such debt and when information confirming plaintiff's allegations are contained within defendant Dodeka's own documentation and such actions violate N.C. Gen. Stat. § 75-55.

42. That plaintiff has incurred actual damages of $4,900.00 by retaining an attorney to defend such baseless and unwarranted lawsuit; has incurred expenses and been damaged by missing work and/or traveling to his attorney's office to discuss the merits of the lawsuit instituted by defendant Dodeka, LLC.

43. That upon information and belief, such lawsuit instituted by defendant Dodeka, LLC will remain on the computer system of the North Carolina Administrative Office of the Courts indicating that plaintiff was a party to a lawsuit for money owed and available to anyone to review causing damage to plaintiff's reputation.

44. That even though the lawsuit captioned "Dodeka, LLC v. Darry W. Johnson" and bearing case number 08 CvS 17061 was dismissed with prejudice, a review of the case will not

indicate that plaintiff herein was wrongfully sued by defendant Dodeka, LLC herein and such permanently injures the reputation of plaintiff

      45.     That the actions by Dodeka, LLC as alleged herein are the direct and proximate cause to plaintiff's damages in an amount of not less than $10,000.00.

      WHEREFORE, plaintiff prays this Court for the following relief:

      1.     That plaintiff be awarded his actual damages against each defendant jointly and severally pursuant to 15 U.S.C. § 1692k;

      2.     That plaintiff be awarded statutory damages in the amount of $1,000.00 from each defendant jointly and severally pursuant to 15 U.S.C. § 1692k;

      3.     That plaintiff be awarded his reasonable attorney's fees for pursuing this action from each defendant jointly and severally pursuant to 15 U.S.C. § 1692k;

      4.     That plaintiff be awarded his actual damages against defendant Dodeka, LLC pursuant to N.C. Gen. Stat. § 75-56;

      5.     That plaintiff be awarded statutory damages against defendant Dodeka, LLC for each and every violation Article Two, Chapter 75 in the amount of $2,000.00 per violation as authorized under N.C. Gen. Stat. § 75-56;

      6.     That plaintiff be awarded his attorneys' fees against defendant Dodeka, LLC as authorized under N.C. Gen. Stat. § 75-16.1;

      7.     That the costs of this action including pre-judgment interest be taxed to defendants jointly and severally herein;

      8.     That plaintiff be granted a trial by jury as by law allowed;

      9.     For such other and further relief as this Court deems just and proper.

      This the 24th day of August, 2009.

ADRIAN M. LAPAS, P.A.

By:   *s/ Adrian M. Lapas*
     Adrian M. Lapas
     Attorney for Plaintiff
     Post Office Box 46
     Goldsboro, NC  27533
     Telephone:  (919) 735-0098
     Facsimile:   (919) 735-0568
     e-mail:  alapas@bellsouth.net
     N.C. State Bar No.:  20022

SAMUEL A. FOREHAND, P.A.

By:   *s/ Samuel A. Forehand*
     Samuel A. Forehand
     Attorney for Plaintiff
     Post Office Box 2626
     Raleigh, NC  27602
     Telephone:  (919) 755-0500
     Facsimile:   (919) 834-4891
     e-mail:  saf@forehandlaw.com
     N.C. State Bar No.:  35284