IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CV-377-JG

| | |
|---|---|
| DARRY W. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **ORDER** |
| | ) |
| WEINSTEIN & RILEY, P.S., DODEKA, | ) |
| LLC, and ELIZABETH H. PARROTT, | ) |
| | ) |
| Defendants. | ) |

This case comes before the court on plaintiff's motion (D.E. 64) for attorney's fees. The motion does not seek costs. In support of his motion, plaintiff filed a memorandum (D.E. 65), a declaration and itemized statement from each counsel of record (D.E. 64-1, 64-2) detailing the work each performed through the filing of the motion, and declarations of eight attorneys (D.E. 64-3, 64-4) in support of the fees requested in the motion. Defendants Weinstein & Riley, P.S. ("W&R"), Dodeka, LLC ("Dodeka"), and Elizabeth Parrott ("Parrott") (collectively "defendants") filed a response in opposition (D.E. 66) and plaintiff a reply memorandum (D.E. 67). Defendants also filed a notice of supplemental authority (D.E. 68). For the reasons stated below, the motion will be granted in part and denied in part, and plaintiff will be awarded fees totaling $50,264.00.

## BACKGROUND

In this action, plaintiff alleges that defendants wrongfully attempted to collect a debt from him that he did not owe. Specifically, he alleges that on or about 10 June 2008, W&R, a law firm, sent him a letter on behalf of defendant Dodeka demanding payment of $11,163.57 for a credit card debt in default that Dodeka had purchased from a credit card company, Chase Bank USA, N.A. ("Chase") (Compl. (D.E. 1) ¶¶ 4, 7, 8). Plaintiff sent a letter to W&R, which it received on or about

10 July 2008, disputing the validity of the debt, denying his ever having had a Chase credit card, and requesting verification of the debt. (*Id.* ¶¶ 9, 10). Without responding to plaintiff's letter, W&R and Parrott, a vice-president and director of W&R licensed to practice law in North Carolina, filed suit against plaintiff in September 2008 on behalf of Dodeka for recovery of the debt in the Superior Court of Wake County, North Carolina. (*Id.* ¶¶ 6, 12-14). Parrott's response to a dismissal motion by plaintiff included documents showing conclusively that the debt was not his, documents that Parrott and the other defendants had prior to commencement of the lawsuit. (*Id.* ¶¶ 18, 19). Parrott subsequently filed a stipulation of dismissal with prejudice and acknowledged in correspondence to plaintiff's counsel that plaintiff was not the obligor on the debt. (*Id.* ¶¶ 21, 22). In his complaint, plaintiff asserts claims against all three defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and against Dodeka for violation of N.C. Gen. Stat. §§ 75-50, *et seq.* He seeks actual damages, statutory damages, attorney's fees, and costs. (*Id.* 8 (prayer for relief)).

Throughout the course of the litigation the parties filed and the court ruled on a number of motions: several motions by defendants to dismiss (D.E. 7, 11), a motion by plaintiff to compel (D.E. 20), a joint motion for extension of time to complete discovery (D.E. 29), motions by defendants for a court-hosted settlement conference (D.E. 30, 32), a motion by Parrott for a protective order (D.E. 35), and a motion by defendants to excuse attendance at a conference (D.E. 42).

The parties participated in a court-hosted settlement conference on 26 April 2010, which ended in an impasse. (*See* D.E. 52). The court-hosted settlement conference was later scheduled to be reconvened on 5 May 2010 (*see* D.E. 54), but before that time the parties negotiated a settlement agreement and the conference was continued (*see* D.E. 56). Pursuant to the settlement,

2

defendants agreed to pay plaintiff a sum set forth in their statement of settlement amount and stipulated that plaintiff is the prevailing party for purposes of recovering attorney's fees. (Stip. of Dism. (D.E. 59) ¶¶ 1, 2).

The instant motion was filed in accordance with the parties' stipulation. It seeks total fees of up to $66,010.00 representing total attorney time of 238.6 hours.

## DISCUSSION

### I.    Overview of the FDCPA

The FDCPA is designed to protect consumers from abusive and deceptive debt collection practices by debt collectors. *Bradshaw v. Hilco Receivables, LLC*, --- F. Supp. 2d ----, 2011 WL 652476, at *2 (D. Md. 23 Feb. 2011). One of the FDCPA's safeguards for consumers is to entitle a prevailing party to attorney's fees and costs in an action against any debt collector who fails to comply with any provision of the statute. 15 U.S.C. § 1692k(a). The relevant portion of the FDCPA reads:

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of (1) any actual damage sustained by such person as a result of such failure; . . . and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a). In determining the amount of damages to award, the court "shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *Id.* § 1692k(b). The determination of the amount of fees to be awarded is in the discretion of the district court. *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995) ("Although the fee award under § 1692k is mandatory in all but the most unusual circumstances .

3

. . the statute makes clear that calculation of the appropriate award must be left to the district court.").

To determine if the attorney's fees sought are reasonable, courts calculate a "lodestar" amount. *Smith v. EVB*, No. 3:09-CV-554, 2010 WL 5300886, at *2 (E.D. Va. 22 Dec. 2010) (citing *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). The lodestar amount is determined by multiplying the number of reasonable hours by a reasonable rate. *Id.* (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). "The lodestar amount is presumptively reasonable, but may be adjusted based on the circumstances of the case." *Coles v. Land's Towing and Recovery, Inc.*, No. 3:10-CV-00025, 2010 WL 5300892, at *2 (E.D. Va. 22 Dec. 2010); *Dodeka, L.L.C. v. AmrolDavis,* No. 7:10-CV-17-D, 2010 WL 3239117, at *1 (E.D.N.C. 16 Aug. 2010) ("This lodestar figure 'provides an objective basis on which to make an initial estimate of the value of a lawyer's services.'") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The burden is on the party seeking attorney's fees to establish the reasonableness of the amount of fees requested. *Dodeka*, 2010 WL 3239117 at *1 (citing *Westmoreland Coal Co. v. Cox*, 602 F.3d 276, 289 (4th Cir. 2010)).

The court applies the following factors in its assessment of the amount of fees to award: "(1) the time and labor required; (2) whether there are any novel or difficult legal issues; (3) the skill required to properly perform the legal service; (4) the preclusion of other employment by the attorney due to an acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstance; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case in the community; (11) the nature and length of the professional relationship with the client;

4

and (12) attorney's fee awards in similar cases." *Croy v. E. Hall & Associates, P.L.L.C*, No. 5:06-CV-00107, 2007 WL 676698 at *1 (W.D. Va. 2 Mar. 2007) (applying factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir.1974)); *see also Trimper v. City of Norfolk*, 58 F.3d 68 (4th Cir. 1995) (applying *Johnson* factors to attorney's fee award assessment to determine lodestar figure); *O'Fay v. Sessoms & Rogers, P.A.*, No. 5:08-CV-615-D, 2010 WL 3210948, at *1 (E.D.N.C. 9 Aug. 2010) ("In calculating an award of reasonable attorney's fees, a district court first must determine the 'lodestar' amount (reasonable hourly rate multiplied by hours reasonably expended), and then must apply the *Johnson/Barber* factors."). The court must exclude from the fees allowed any hours which are "excessive, redundant, or otherwise unnecessary," including instances where a case is overstaffed or the billing was not exercised with good judgment. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

## II.     Amount of Fees

### A.     Hourly Rates

Plaintiff was represented by two attorneys: Adrian Lapas ("Lapas") and Samuel Forehand ("Forehand"). Lapas contends that a reasonable hourly rate for him ranges from $275.00 to $300.00.[1] Forehand claims $250.00 as a reasonable hourly rate.

In assessing whether the requested rates are reasonable, the court may consider the prevailing market rates in the relevant community. *Evans v. Housing Authority of City of Raleigh, N.C.*, 5:04-CV-291-FL, 2007 WL 5273736, at *5 (E.D.N.C. 28 Nov. 2007) (citing *Rum Coal Sales v.*

---

[1] *See, e.g.,* Mot. ¶ 16.a ("Lapas incurred 127.2 hours at a rate of $275.00 to $300.00 an hour for a lodestar amount of $34,980.00 to $38,160.00 respectively . . . ."); Pl.'s Mem. 7-8 (referring to "a reasonable rate of $275.00 an hour"), 8 ("Though Mr. Lapas is submitting only $275.00 an hour . . . ."), 13 (praying for award of $38,160.00, representing $300.00 hourly rate).

*Caperton*, 31 F.3d 169, 175 (4th Cir. 1994)). This determination requires a court to consider a number of factors, including the hourly rate that the attorney normally charges in comparable cases as well as the customary practice in the community in which the case is brought. *Id.* ("In sum, 'a fully compensatory fee will include compensation for all hours reasonably expended at market rates in the relevant community.") (internal citations omitted); *Wolfe v. Green*, No. 2:08-01023, 2010 WL 3809857, at *5 (S.D. W.Va. 24 Sept. 2010) ("Of the twelve Johnson factors, four factors are particularly relevant to the court's determination of reasonable hourly rates: the customary fee for like work; the experience, reputation and ability of the attorneys; attorneys' fees awards in similar cases; and the amount in controversy and the results obtained. By weighing these factors together with the evidence submitted by the parties, the court may determine the reasonable hourly rates to be used in calculating the lodestar amount."). The Fourth Circuit has stated that sufficient specific evidence of prevailing market rates includes "affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 245 (4th Cir. 2009); *accord Depaoli v. Vacation Sales Assocs., LLC*, 489 F.3d 615, 622 (4th Cir. 2007) (holding that prevailing market rate should consider "what attorneys earn from paying clients for similar services in similar circumstances, which, of course, may include evidence of what the [fee applicant's] attorney actually charged his client").

Here, plaintiff has filed declarations by both Lapas and Forehand that outline their respective areas of expertise and affirm that the rates that they seek in this litigation are the same rates that they normally charge in comparable cases. (Lapas Dec. (D.E. 64-1) ¶ 7; Forehand Dec. (D.E. 64-2) ¶ 18). In addition, plaintiff has filed declarations from numerous other local attorneys who confirm that the

6

rates sought by Lapas (Browning Dec. (D.E. 64-3) 2-3; Vonnegut Dec. (D.E. 64-3) 4-5; Maynard Dec. (D.E. 63-3) 6-9; Begnoche Dec. (D.E. 64-3) 10-12; McNulty Dec. (D.E. 64-3) 13-16; Martin Dec. (D.E. 64-3) 17-24) and Forehand (Nanney Dec. (D.E. 64-4) 2-4; Sigmon Dec. (D.E. 64-4) 5-7) are both reasonable and customary for like cases handled by attorneys of their relative expertise. Plaintiff has also filed court decisions (D.E. 64-3 at pp. 21-24; D.E. 64-4 at pp. 8-14) allowing Lapas and Forehand fees based on the same rates sought here.

While defendants argue that the rates sought by Lapas and Forehand are excessive, the court finds that plaintiff has met his burden of establishing the reasonableness of the rates sought. Accordingly for purposes of determining the lodestar amount, the court finds that hourly rates of $275.00 for Lapas and $250.00 for Forehand are reasonable.[2] Because Lapas himself characterizes as reasonable the rate of $275.00, the court declines to adopt the higher rate of $300.00 he also characterizes as reasonable as well as any rate between these two figures.

### B. Compensable Hours

Plaintiff asks the court to compensate Lapas for 127.2 hours of work and Forehand for 111.4 hours. Defendants argue that the number of hours sought is excessive and unreasonable and urges the court to reject a number of entries in the billing records submitted. As explained below, the court agrees with defendants in part.

The court first notes that the work done by plaintiff's attorneys was generally of very good quality. A good result was reached for plaintiff. The issues presented required researching

---

[2] While the subsequently decided legal authority submitted by defendants (D.E. 68) consisted of a recent case where Lapas's hourly rate was reduced to $225.00, the court in that case expressly noted that the only evidence offered by plaintiff as to the reasonableness of his rate was from Lapas alone. In the instant case, as noted, plaintiff has provided declarations from a number of other attorneys and the court is not relying only on the declarations from Lapas and Forehand in assessing the reasonableness of the rates.

7

somewhat difficult legal issues involving a complex federal statute and the filing (or defense) of several motions on a number of issues, including two dispositive motions. Nevertheless, the principles reviewed above indicate that some of the hours claimed are excessive or otherwise noncompensable.

For example, a number of the entries contain block billing, that is, the entries group together many different tasks and record the total time for those tasks as one lump entry, rather than particularizing the specific amount of time spent on each individual task.[3] "Blockbilling makes it difficult for the court to determine whether work performed was duplicative, unnecessary or inefficient." *Wolfe,* 2010 WL 3809857, at *8. While this criticism applies to only a portion of the entries submitted, it does warrant a reduction in the total amount of time deemed compensable. *Id.* at *8 (reducing overall award by ten percent in light of counsel's occasional practice of block billing).

In addition, some entries show time claimed for work that is in the nature of clerical work.[4] *See, e.g., Wilson,* 2006 WL 3455071, at *1 (holding that clerical work is part of overhead and not compensable). Further, some entries are too vague for the court to assess their appropriateness.[5]

---

[3] Examples include entries in the Lapas Time Records dated 27 Oct. 2009, 23 Feb. 2010, and 29 Mar. 2010, and in the Forehand Time Records dated 11 Aug. 2009, 12 Oct. 2009, 11 Jan. 2010, 11 March 2010, and 18 March 2010.

[4] Examples of clerical work not appropriately compensated as attorney time include: collating and filing documents with the court (*see, e.g.,* Lapas Time Records, entries dated 26 Aug. 2009, 8 Sept. 2009, 28 Oct. 2009, 23 Jun. 2010); issuing summonses (*see, e.g.,* Lapas Time Records, entry dated 31 Aug. 2009); scanning and mailing documents (*see, e.g.,* Forehand Time Records, entries dated 15 July 2009, 30 July 2009, 11 Mar. 2010, 17 May 2010, 18 May 2010); reviewing files for information (*see, e.g.,* Forehand Time Records, entries dated 4 Aug. 2009, 11 Aug. 2009, 3 Sept. 2009); and making arrangements for deposition (*see, e.g.,* Forehand Time Records, entries dated 18 Mar. 2010, 23 Mar. 2010, 23 Apr. 2010, 26 Apr. 2010, 5 May 2010) and travel (*see, e.g.,* Forehand Time Records, entry dated 11 Mar. 2010).

[5] Examples include entries in the Lapas Time Records dated 16 Mar. 2010, 28 Apr. 2010, 29 Apr. 2010, and in the Forehand Time Records dated 25 Aug. 2009.

*Role Models America, Inc.*, 353 F.3d at 970-71, 973 (disallowing time not described with sufficient detail); *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 180 (4th Cir. 1994) (expressing concern over descriptions indicating only "research" or "letter to client").

The court rejects, however, other grounds upon which defendants contend plaintiff's fee claim is excessive. For example, the court does not believe that the staffing of the case with two attorneys was inherently excessive and resulted in needless duplication of effort. While this staffing did possibly result in higher fees than representation of plaintiff by a single attorney (*e.g.*, the time needed for Lapas to familiarize himself with the case and for the two attorneys to communicate with each other), defendants' obligation to pay plaintiff's fees is based on the staffing arrangement as they found it, as long as that arrangement was reasonable, not on the staffing arrangement they would have preferred. In addition, significant fees were, in fact, justifiable by the motions practice in the case. Further, the court disagrees that plaintiff attained only a partially successful result and believes that the fees allowed should fully reflect his status as a prevailing party. Lastly, various tactical decisions plaintiff's counsel made in court and settlement proceedings, in the midst of the uncertainties of litigation and settlement negotiations, were not unreasonable as defendants contend.

In light of the deficiencies noted, the court finds that a reduction by 20 percent in the number of hours sought by each attorney is appropriate. *See In re Outsidewall Tire Litigation,* --- F. Supp. 2d ----, No. 1:09cv1217, 2010 WL 4263395, at *7 n.24 (E.D. Va. 28 Oct. 2010) (noting that a court may reduce a fee request "in one of two ways: (i) by identifying and disallowing specific hours that are not adequately documented, or (ii) by reducing the overall fee award by a fixed percentage or amount based on the trial court's familiarity with the case, its complexity, and the counsel involved"); *Bunn v. Bowen*, 637 F. Supp. 464, 471 n.6 (E.D.N.C. 1986) ("Employing a percentage

9

reduction is a 'practical means of trimming any fat from [plaintiff's] fee petition.'") (quoting *New York Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)). Accordingly, the total time allowed is reduced to a total of 190.88 hours, representing 101.76 hours for Lapas and 89.12 hours for Forehand.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

1.    Plaintiff's motion (D.E. 64) for attorney's fees is ALLOWED IN PART AND DENIED IN PART;

2.    Plaintiff shall recover from defendants jointly and severally attorney's fees in the total amount of $50,264.00, equaling an award of $27,984.00 to Lapas and $22,280.00 to Forehand; and

3.    Defendants shall pay the award provided herein within 30 days after entry of this Order.

SO ORDERED, this 29 day of March 2011.

James E. Gates
United States Magistrate Judge